1   MICHAEL E. BREWER, Bar No. 177912
    GREGORY G. ISKANDER, Bar No. 200215
2   LITTLER MENDELSON
    A Professional Corporation
3   Treat Towers
    1255 Treat Boulevard, Suite 600
4   Walnut Creek, CA  94597
    Telephone:   925.932.2468
5   Facsimile:   925.946.9809
    E-mail:    mbrewer@littler.com
6             giskander@littler.com

7   Attorneys for Defendant
    OFFICE DEPOT, INC.

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11   DAVID REDMOND, an individual       Case No.

12             Plaintiff,       **CV 11 3314**

13       v.           **NOTICE OF REMOVAL OF ACTION**
                        **PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**
14   OFFICE DEPOT, INC., a California    **[Diversity Jurisdiction]**
    Corporation, and DOES 1 through 200,
15

16             Defendants.

17

18         TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF

19   DAVID REDMOND AND HIS ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE that Defendant Office Depot, Inc. ("Defendant") hereby

21   removes the above-entitled action from the Superior Court of the State of California, County of

22   Alameda, to the United States District Court for the Northern District of California, pursuant to 28

23   U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

24                 **I. STATEMENT OF JURISDICTION**

25         1.     This Court has original jurisdiction over this action under the diversity of

26   citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts

27   original jurisdiction over civil actions where the matter in controversy exceeds the sum of value of

28   $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1   below, this case meets all of the diversity statute's requirements for removal and is timely and

2   properly removed by the filing of this Notice.

## II. PLEADINGS, PROCESS, AND ORDERS

4       2.      On June 10, 2011, Plaintiff David Redmond ("Plaintiff") filed a Complaint for

5   Damages ("Complaint") against Defendant and various Doe defendants in Alameda County Superior

6   Court, Case No. RG11580064.  The Complaint asserts the following ten causes of action:  (1) breach

7   of implied covenant to terminated only for good cause; (2) violation of Fair employment and

8   Housing Act "Disparate Treatment"; (3) violation of Fair employment and Housing Act "Disparate

9   Impact"; (4) failure to pay overtime wages; (5) failure to provide meal periods; (6) failure to provide

10  rest periods; (7) failure to pay wages for all hours worked; (8) failure to pay vacation due; (9) failure

11  to furnish accurate wage statements; and (10) waiting time penalties.

12      3.      On June 16, 2011, Plaintiff served on Defendant, through Defendant's agent

13  for service of process: (1) the Summons and Complaint, (2) a Civil Case Cover Sheet, and (3) an

14  ADR Information Packet.  True and correct copies of these documents, including exhibits, are

15  attached hereto as Exhibit "A."

16      4.      On July 5, 2011, Defendant filed its Answer to Plaintiff's Unverified

17  Complaint.  A true and correct copy of Defendant's Answer is attached hereto as Exhibit "B."

18      5.      Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all process,

19  pleadings and orders served on Defendant or filed or received by Defendant in this action.

## III. TIMELINESS OF REMOVAL

21      6.      This Notice of Removal is timely filed as it is filed within thirty (30) days of

22  June 16, 2011, the date of service of the Summons and Complaint, and within one year from the

23  commencement of this action.  *See* 28 U.S.C. § 1446(b).

## IV. DIVERSITY JURISDICTION

25      7.      The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides in relevant

26  part:

27          The district courts shall have original jurisdiction of all civil
            actions where the matter in controversy exceeds the sum or value
28          of $75,000, exclusive of interest and costs, and is between –

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.      NOTICE OF REMOVAL OF ACTION
        [Diversity Jurisdiction]

1      (1) citizens of different States. . . .

2           This action is a civil action over which this Court has original jurisdiction based on

3    diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this

4    Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of

5    different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set

6    forth below.

7                              A. **Diversity of Citizenship**

8           8.      To establish citizenship for diversity purposes, a natural person must be both a

9    citizen of the United States and a domiciliary of a particular state. *Kantor v. Wellesley Galleries,*

10   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff is a citizen of the State of California and a citizen

11   of the United States. (*See* Declaration of Pamela Williams in Support of Defendant's Notice of

12   Removal of Action ("Williams Decl."), ¶ 2.) In addition, an individual is a citizen of any state where

13   he or she domiciled at the time the lawsuit is filed. *Kantor,* 704 F.2d at 1090; *State Farm Mut. Auto*

14   *Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (a party's residence is prima facie evidence of

15   domicile for purposes of determining citizenship). Plaintiff resides in the state of California.

16   (Williams, Decl., ¶ 2.) Further, a natural person's domicile is established, in part, by physical

17   presence. *Lew v. Moss,* 797 F.2d 747, 749-50 (9th Cir. 1986). Plaintiff's Complaint establishes that

18   he has had a physical presence in the State of California. (*See* Complaint ¶¶ 3, 7 [alleging that the

19   events complained of occurred during Plaintiff's 17-year duration of employment with Office Depot

20   in Alameda County, California].)

21          9.      For diversity jurisdiction purposes, a corporation is deemed a citizen of its

22   state of incorporation and the state where it has its principal place of business.   28 U.S.C. §

23   1332(c)(1).  Here, Defendant is a citizen of the State of Delaware, where it is incorporated, and a

24   citizen of Florida, where it has its principal place of business. (Williams Decl., ¶¶ 3-4.)

25          10.     The United States Supreme Court recently held that, for purposes of removal,

26   the "nerve center" test should be applied to determine a corporation's principal place of business.

27   *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010).  Under the "nerve center" test, the principal

28   place of business is "where a corporation's officers direct, control, and coordinate the corporation's

LITTLER MENDELSON
A Professional Corporation
Trust Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

3.

NOTICE OF REMOVAL OF ACTION
[Diversity Jurisdiction]

1  activities." *Id*. at 1192. Defendant's corporate offices and global headquarters, which house the

2  company's executive and administrative functions, are located in Boca Raton, Florida. (Williams

3  Decl., ¶ 4.) Thus, Defendant's principal place of business is located in the State of Florida, and

4  Defendant is a citizen of Florida for diversity purposes.

5          11.    Defendant is not a citizen of the State of California, where this action is

6  currently pending, and thus there is complete diversity between the parties.

7          12.    The presence of Doe defendants in this case has no bearing on diversity with

8  respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the

9  citizenship of defendants sued under fictitious names shall be disregarded").

10                                  **B.  Amount in Controversy**

11          13.    Defendant only needs to show by a preponderance of the evidence (that it is

12  more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.

13  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can

14  reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in

15  controversy exceeds $75,000.

16          14.    Plaintiff seeks recovery of lost wages, lost employee benefits, bonuses,

17  vacation benefits, unpaid overtime, meal and rest break premiums, penalties, recovery for mental

18  and emotional distress, general damages and punitive damages, and attorneys' fees. (Complaint, ¶¶

19  17-18, 22, 24-25. 30-31, 38. 43, 48, 53-54, 60, 67, 72, and Prayer for Relief.) Plaintiff alleges in his

20  complaint that at least five of his causes of action are "in excess of the jurisdictional minimum of

21  this Court." (Complaint, ¶¶ 38, 43, 48, 54, 60.) The jurisdictional minimum of the Superior Court

22  Unlimited Jurisdiction is $25,000. (See Ex. A, Civil Case Cover Sheet.) Thus, on the face of the

23  Complaint, Plaintiff alleges damages in excess of $125,000.

24          15.    Defendant employed Plaintiff as a manager. (Williams Decl. ¶ 5; *see also*

25  Complaint, ¶ 9.) Plaintiff alleges that Defendant terminated his employment in June 2010.

26  (Complaint, ¶ 5.) Plaintiff's annual salary at the time of his termination, <u>not</u> including incentive pay,

27  allowances, and other benefits, amounted to approximately $59,614. (Williams Decl., ¶ 5.)

28  Although Defendant denies Plaintiff is entitled to recover any damages, assuming, *arguendo*, that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.

NOTICE OF REMOVAL OF ACTION
[Diversity Jurisdiction]

1    Plaintiff was awarded back wages for approximately two years (from the date of termination to the

2    likely date of trial at least one year from now), the amount of back pay in controversy in this case

3    would total at least $119,228.  In addition, to the extent Plaintiff seeks future damages or front pay

4    as a result of the alleged wrongs by Defendant, such awards in California often span several years.

5    *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until

6    mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976)

7    (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal.App.3d 695, 705 (1972) (ten years).  Even

8    conservatively estimating that Plaintiff seeks front pay damages for only two years, the amount of

9    future wages in controversy in this case would total at least an additional $119,228.  Additionally,

10   Plaintiff alleges that he was misclassified and was entitled to overtime.  Again, assuming *arguendo*

11   that Plaintiff succeeded on this claim, Plaintiff could recover wages in addition to his annual salary,

12   not including penalties and interest.  Thus, it may reasonably be estimated that Plaintiff's claims

13   involve possible back pay and front pay damages which alone total in excess of $238,000.

14           16.    When authorized by statute, attorney's fees are to be included in the

15   calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite

16   jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

17   (holding that where an underlying statute authorizes an award of attorneys' fees, such fees may be

18   included in the amount in controversy); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004,

19   1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount

20   of reasonable attorney's fees like to be recovered by plaintiff if she were to prevail).  Plaintiff's

21   second and third causes of action for discrimination under the California Fair Employment and

22   Housing Act (FEHA) provide for recover of attorney's fees and plaintiff specifically seeks recovery

23   of attorney's fees. (Complaint, ¶¶ 26, 32.)  Section 12965(b) of the Government Code provides that,

24   in actions brought under the FEHA, "the court, in its discretion, may award to the prevailing party

25   reasonable attorney's fees and costs[.]"    Additionally, Plaintiff's fourth through tenth causes of

26   action are each for violation of the California Labor Code, and Plaintiff's specifically seeks

27   attorney's fees for each of these causes of action. (Complaint, ¶¶ 38, 43, 48, 54, 60, 67, 72.)  While

28   Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5.    NOTICE OF REMOVAL OF ACTION
      [Diversity Jurisdiction]

1    exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal 2002).

2    A defendant may use damage awards in other cases to establish the amount in controversy. *Id*. at

3    1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*,

4    222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorney's fees of $376,520 may be

5    appropriate in FEHA where compensatory damages were only $30,000, but remanding to district

6    court to clarify whether court had properly exercised its discretion to consider reducing the fee

7    award). Other California courts have upheld large attorney's fee awards in FEHA cases. *See*

8    *Flannery v. Prentice*, 26 Cal.4th 572 (2001) (affirming award of attorney's fees and costs of

9    $891,042); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming

10   $724,380 attorney's fee award in FEHA and ADEA case where plaintiffs' damages awards were

11   significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in

12   controversy.

13          17.     Plaintiff also seeks punitive damages. (Complaint, ¶¶ 18, 25, 31.) The Court

14   must take into account punitive damages for purposes of determining the amount in controversy

15   where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and*

16   *Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.*, 243

17   F.Supp.2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit

18   on the amount of punitive damages that may be awarded under Civil Code section 3294. Factors to

19   consider in determining the proper amount of punitive damages include: (1) the reprehensibility of

20   the defendant's misconduct, (2) the ratio between compensatory and punitive damages, (3) and the

21   ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d

22   1357, 1360 (9th Cir. 1994). In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the

23   defendant employer established that the amount in controversy exceeded the jurisdictional minimum

24   in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for

25   lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the

26   purpose of punitive damages is to capture a defendant's attention and deter others from similar

27   conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional

28   minimum. *Id*. at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6.     NOTICE OF REMOVAL OF ACTION
[Diversity Jurisdiction]

1    to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

2            18.    In sum, although Defendant does not concede Plaintiff's claims have any

3    merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for

4    Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of

5    interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in

6    this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

7                            **V.  VENUE**

8            19.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§

9    84(c), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State

10   of California, County of Alameda. Pursuant to Northern District Local Rule 3-2(d), the appropriate

11   assignment of this action is to either the San Francisco Division or Oakland Division of this Court.

12                    **VI.  NOTICE OF REMOVAL**

13           20.    Contemporaneously with the filing of this Notice of Removal in the United

14   States District Court for the Northern District of California, the undersigned is providing written

15   notice of such filing to Plaintiff's counsel of record, Aiman-Smith & Marcy. In addition, a copy of

16   this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California,

17   County of Alameda.

18           WHEREFORE, Defendant prays that the Court remove this civil action from the

19   Superior Court of the State of California, County of Alameda, to the United States District Court for

20   the Northern District of California.

21   Dated: July 6, 2011

22

23                                      Michael E. Brewer
                                        Gregory G. Iskander
24                                      LITTLER MENDELSON
                                        A Professional Corporation
25                                      Attorneys for Defendant
                                        OFFICE DEPOT, INC.
26

27   Firmwide:102394383.1 063095.1031

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.    NOTICE OF REMOVAL OF ACTION
      [Diversity Jurisdiction]

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OFFICE DEPOT, INC., a California corporation, and DOES One through 200

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID REDMOND, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 0 2011

CLERK OF THE SUPERIOR COURT
By ___Barbara LaMotte___
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Alameda County Superior Court <br> 1225 Fallon Street <br> Oakland, CA 94612 | CASE NUMBER: <br> *(Número del Caso):* **11580064** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hallie Von Rock, Aiman-Smith & Marcy, 7677 Oakport Street, #1020, Oakland, CA 94621, (510) 562-6800

| DATE: June 10, 2011 <br> *(Fecha)* | **PAT S. SWEETEN** | Clerk, by <br> *(Secretario)* | **Barbara LaMotte** | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: OFFICE DEPOT, INC., a California corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Randall B. Aiman-Smith (#124599), Hallie Von Rock (#233152)<br>Aiman-Smith & Marcy PC<br>7677 Oakport Street, Suite 1020<br>Oakland, CA 94621<br>TELEPHONE NO.: (510) 562-6800    FAX NO. (Optional): (510) 562-6830<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 1 0 2011<br><br>CLERK OF THE SUPERIOR COURT<br>By Barbara LaMotte<br>                              Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Northern Division

CASE NAME:
David Redmond v. Office Depot, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG 11580064<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | Real Property | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Other real property (26) | types (41) |
| ☐ Business tort/unfair business practice (07) | Unlawful Detainer | Enforcement of Judgment |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Residential (32) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Intellectual property (19) | Judicial Review | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Writ of mandate (02) | ☐ Other petition (not specified above) (43) |
| ☑ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

BY FAX

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 10
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: June 10, 2011
Hallie Von Rock
                    (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

RANDALL B. AIMAN-SMITH #124599
REED W.L. MARCY #191531
HALLIE VON ROCK #233152

aiman-smith ✒ marcy

7677  oakport street  suite 1020
oakland   california   94621
t:510.562.6800  f:510.562.6830

**FILED**
ALAMEDA COUNTY

JUN 1 0 2011

CLERK OF THE SUPERIOR COURT

Attorneys for Plaintiff
David Redmond

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| DAVID REDMOND, an individual, | Case No.: RG 11580064 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| OFFICE DEPOT, INC., a California corporation, and DOES One through 200, | 1. Breach of Implied Covenant to Terminate Only for Good Cause; |
| Defendants. | 2. Violation of Fair Employment and Housing Act "Disparate Treatment"; |
| | 3. Violation of Fair Employment and Housing Act "Disparate Impact"; |
| | 4. Failure To Pay Overtime Wages; |
| | 5. Failure to Provide Meal Periods; |
| | 6. Failure to Provide Rest Periods; |
| | 7. Failure To Pay Wages for All Hours Worked; |
| | 8. Failure to Pay Vacation Due; |
| | 9. Failure to furnish Accurate Wage Statements; and |
| | 10. Waiting Time Penalties |

**BY FAX**

Complaint for Damages
*Redmond v. Office Depot, Inc.*                    Case no.

**Preliminary Allegations:**
**Parties, Jurisdiction, Venue**

Plaintiff is informed and believes and thereon alleges as follows:

1.    Plaintiff, David Redmond, is a competent, adult, African-American male who is over the age of 40.

2.    Defendant Office Depot, Inc., is a California Corporation.

3.    The events complained of herein occurred in Alameda County, California.

4.    Plaintiff is currently unaware of the true names and capacities of the defendants sued herein as Does One through 200 and therefore sues them by these fictitious names. Plaintiff will amend this complaint to state their true name and capacities when these have been ascertained. The defendants named herein as Does One through 200 are each in some way responsible for the injuries and damages to plaintiff as alleged herein.

**Preliminary Allegations**

5.    Plaintiff was employed by Office Depot for over 17 years. In June, 2010, plaintiff was terminated on the basis of his race and/or age. Plaintiff was performing well in his position at the time of his termination and had done no act which justified his termination.

6.    During the 17-year duration of plaintiff's employment, he observed that it was the policy of defendant not to terminate employees who were performing well in their positions and that if an employee was not performing well, to provide progressive discipline, including written notice of any deficiency and an opportunity to improve or correct any deficiency before termination.

7.    During plaintiff's employment, defendant imposed upon plaintiff employment conditions that were less favorable and more arduous and demanding than those to which similarly-situated, non-African-American employees were subjected. Such conditions included plaintiff being subjected to a requirement that he arrive earlier for work than similarly-situated, non-African-American employees. Defendant terminated plaintiff for his purported failure to perform conditions of employment that were less favorable and more arduous than those imposed on similarly-situated, non-African-American employees.

1     8.   Defendant's policies related to hiring, retention, promotion, and termination of

2  employees are facially non-discriminatory yet, as applied and implemented, have a

3  discriminatory outcome generally, and with respect to plaintiff.

4     9.   During his employment, defendant classified plaintiff as a "manager," paid him a

5  fixed salary, and treated him as exempt from the requirements the California Labor Code and

6  applicable Wage Orders with regard to overtime premiums, meal breaks, and rest breaks.

7     10.   Although plaintiff was classified as a manager, he in fact spent more than 50% of

8  his time engaged in production-related activities and, accordingly, defendant did not properly

9  classify plaintiff as a manager.

10     11.   Defendant did not pay plaintiff for all hours worked.

11     12.   Plaintiff typically worked in excess of 8 hours a day and/or 40 hours a week and

12  defendant did not pay plaintiff any overtime premiums.

13     13.   Defendant did not provide plaintiff with meal breaks or rest periods as required

14  by the California Labor Code and applicable Wage Orders.

15     14.   Defendant provided wage statements to plaintiff which did not meet the

16  requirements of California law in that said wage statements omitted or misstated the categories

17  of information which defendant is statutorily required to provide to employees.

18     15.   At the time of his termination, and to the present day, plaintiff was not paid for

19  all wages owed.

20     16.   Defendant employs a "use-it-or-lose it" policy for vacation hours in violation of

21  the California Labor Code and applicable Wage Orders. Plaintiff was subjected to this policy

22  and defendant, therefore, failed to pay plaintiff for all accrued vacation.

23     17.   As a result of the actions of defendants and each of them as alleged, plaintiff has

24  suffered damages including lost wages through date of judgment in this case, lost wages going

25  forward after the date of judgment in this case, emotional distress, costs of mitigation, and

26  other damages. Said damages are in excess of the jurisdictional minimum of this Unlimited

27  Jurisdiction Court.

28     18.   The acts of defendants and each of them as alleged herein were carried out by

1   managing agents. Further, defendants and each of them had advance knowledge of the

2   unfitness of the managers and supervisors who performed the acts described herein and

3   defendants and each of them employed and/or retained said managers with conscious disregard

4   of plaintiff's rights. Further, defendants and each of them ratified the above-alleged acts of all

5   decision-makers who contributed to plaintiff's injuries as alleged herein. Further the violations

6   of the California Labor Code and applicable Wage Orders as alleged herein were carried out

7   knowingly and willfully. Accordingly, plaintiff is entitled to recovery of punitive and

8   exemplary damages and to the recovery of penalties as provided by law.

9
                                  **First Cause of Action**
10                 **Breach of Implied Covenant to Terminate Only for Good Cause**

11       19.    Plaintiff here realleges all paragraphs of this complaint as though fully set forth.

12       20.    Plaintiff's initial hiring as alleged herein was at will. As a result of the uniform

13   treatment of employees that plaintiff observed and as alleged herein, an implied covenant arose

14   to terminate plaintiff only for good cause.

15       21.    Defendant breached the implied covenant to terminate plaintiff only for good

16   cause by terminating plaintiff without cause.

17       22.    As a direct and proximate result of defendants' breach of covenant as described

18   herein, plaintiff has suffered damages, wherefore, plaintiff prays for relief as set forth below.

19                                **Second Cause of Action**
                          **Violation of Fair Employment and Housing Act**
20                         **(Government Code Section 12940, *et seq.*)**
                            **"Disparate Treatment" Discrimination**
21

22       23.    Plaintiff here realleges all preceding paragraphs of this complaint as though

23   fully set forth.

24       24.    The actions of defendants and each of them as described herein, including

25   subjecting plaintiff to less-favorable and more-arduous employment conditions than were

26   imposed on non-African-American employees, constitute discrimination on the basis of race

27   and/or age as prohibited by California Government Code section 12940 and subparts and

28   plaintiff is entitled to recover general and special damages therefore.

25.   The acts of defendants were done knowingly, willfully, wantonly, oppressively, and maliciously, and plaintiff is entitled to recover punitive and exemplary damages therefore.

26.   As a result of the acts of defendants, plaintiff has been forced to hire an attorney and to bring this suit and plaintiff is entitled to recover his attorney's fees.

27.   Plaintiff has exhausted all administrative remedies required by law in that, within the time provided by statute, plaintiff filed a complaint with California's Department of Fair Employment and Housing and received a "right to sue" letter from said Department.

28.   Wherefore, plaintiff prays for relief as set forth below.

**Third Cause of Action**
**Violation of Fair Employment and Housing Act**
**(Government Code Section 12940, et seq.)**
**"Disparate Impact" Discrimination**

29.   Plaintiff here realleges all preceding paragraphs of this complaint as though fully set forth.

30.   The actions of defendants and each of them as described herein, including defendants' maintenance of policies that, while neutral on their face nevertheless result in discriminatory outcomes, constitute discrimination on the basis of race and/or age as prohibited by California Government Code section 12940 and subparts and plaintiff is entitled to recover general and special damages therefore.

31.   The acts of defendants were done knowingly, willfully, wantonly, oppressively, and maliciously, and plaintiff is entitled to recover punitive and exemplary damages therefore.

32.   As a result of the acts of defendants, plaintiff has been forced to hire an attorney and to bring this suit and plaintiff is entitled to recover his attorney's fees.

33.   Plaintiff has exhausted all administrative remedies required by law in that, within the time provided by statute, plaintiff filed a complaint with California's Department of Fair Employment and Housing and received a "right to sue" letter from said Department.

34.   Wherefore, plaintiff prays for relief as set forth below.

///

///

**Fourth Cause of Action**
**Failure To Pay Overtime Compensation**
**(California Labor Code §§ 510 and 1194;**
**California I.W.C. Wage Order No. 4)**

35.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

36.     California law requires employers, including Office Depot, to pay overtime compensation to non-exempt employees who work more than the statutory maximum hours per day or per week.

37.     As alleged herein, plaintiff was a non-exempt employee who worked in excess of 8 hours per day and/or in excess of 40 hours per week and Office Depot did not pay overtime to plaintiff.

38.     Plaintiff is, therefore, entitled to recover additional wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover penalties, interest, costs, and attorney's fees as provided by California law.

39.     Wherefore, plaintiff prays for relief as set forth below.

**Fifth Cause of Action**
**Failure to Provide Meal Periods**
**(California Labor Code §§ 226.7 and 512;**
**California I.W.C. Wage Order No. 4)**

40.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

41.     California law requires employers, including Office Depot, to provide meal periods to employees who work more than the statutory minimum hours each day.

42.     Office Depot failed to provide meal periods to plaintiff in violation of California law.

43.     Plaintiff is, therefore, entitled to recover additional wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover penalties, interest, costs, and attorney's fees as provided by California law.

44.     Wherefore, plaintiff prays for relief as set forth below.

### Sixth Cause of Action
### Failure to Provide Rest Periods
### (California Labor Code § 226.7;
### California I.W.C. Wage Order No. 4)

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. California law requires employers, including Office Depot, to provide rest periods to employees who work more than the statutory minimum hours each day.

47. Office Depot failed to provide rest periods to plaintiff in violation of California law.

48. Plaintiff is, therefore, entitled to recover additional wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to recover penalties, interest, costs, and attorney's fees as provided by California law.

49. Wherefore, plaintiff prays for relief as set forth below.

### Seventh Cause of Action
### Failure To Pay Wages for All Hours Worked
### (California Labor Code §§ 200, *et seq.*; California I.W.C. Wage Order No. 4)

50. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

51. California law requires employers, including Office Depot, to pay wages to employees for all hours which the employees are suffered or permitted to work, whether or not required to do so.

52. As alleged herein, plaintiff was regularly required to perform tasks and work required by Office Depot and for which Plaintiff was not paid, including but not limited to coming in to work prior to his shift starting.

53. As a direct and proximate result of Office Depot's refusal to pay for all hours worked, plaintiff has sustained damages, including loss of wages, in an amount in excess of the jurisdictional minimum of this Court.

54. Plaintiff is, therefore, entitled to recover additional wages in an amount according to proof and in excess of the jurisdictional minimum of this Court, and also to

1    recover penalties, interest, costs, and attorney's fees as provided by California law.

2        55.    Wherefore, plaintiff prays for relief as set forth below.

3                              **Eighth Cause of Action**
                           **Forfeiture of Vacation Wages**
4                          **(California Labor Code Section 227.3)**

5        56.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

6    forth herein.

7        57.    Pursuant to Labor Code § 227.3, employers are prohibited from forfeiting vested

8    vacation wages of their employees.

9        58.    Plaintiff had unused, vested vacation wages that were forfeited by Office Depot

10   at the end of employment in violation of Labor Code § 227.3 and that was forfeited by Office

11   Depot year on year or anniversary year on anniversary year as well.

12       59.    Said conduct of Office Depot was willful and was done in conscious disregard of

13   Plaintiff's rights, and done by managing employees of Office Depot and supports an award of

14   penalties under Labor Code § 203.

15       60.    Plaintiff is, therefore, entitled to recover additional wages in an amount

16   according to proof and in excess of the jurisdictional minimum of this Court, and also to

17   recover penalties, interest, costs, and attorney's fees as provided by California law.

18       61.    Wherefore, plaintiff prays for relief as set forth below.

19
                              **Ninth Cause of Action**
20                     **Failure to Furnish Accurate Wage Statements**
                       **(California Labor Code Sections 226 and 226.3,**
21                          **California I.W.C. Wage Order No. 4)**

22       62.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

23   forth herein.

24       63.    California Labor Code § 226(a) and I.W.C. Wage Order No. 4, § 7 require that

25   employers, including Office Depot, at the time of payment of wages, furnish each California

26   employee, including plaintiff, with a wage statement itemizing, among other things, the hourly

27   rate and the hours worked by the employee, and the amount earned by the employee.

28       64.    Labor Code § 226(b) provides penalties for failure to provide such wage

Complaint for Damages
*Redmond v. Office Depot, Inc.*                          Case no.
Page 8

1    statements.

2         65.    The wage statements provided to plaintiff by Office Depot did not include the

3    statutorily required information.

4         66.    Office Depot's failure to provide statutorily required wage statements to plaintiff

5    was knowing and willful.

6         67.    Plaintiff is, therefore, entitled to recover penalties, interest, costs, and attorney's

7    fees as provided by California law.

8         68.    Wherefore, plaintiff prays for relief as set forth below.

9                                **Tenth Cause of Action**
                                 **Waiting Time Penalties**
10                  **(California Labor Code §§ 201, 202, and 203)**

11        69.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

12   forth herein.

13        70.    California law requires employers, including Office Depot, to pay employees all

14   wages due within the time specified by law.  California law further provides that where an

15   employer willfully fails to timely pay such wages, the employer must continue to pay the

16   subject employees' wages until the back wages are paid in full or an action is commenced, up

17   to a maximum of thirty days of wages.

18        71.    Plaintiff was not paid all wages owed to him at the time of his termination of

19   employment.

20        72.    Plaintiff is, therefore, entitled to recover penalties, interest, costs, and attorney's

21   fees as provided by California law.

22        73.    Wherefore, plaintiff prays for relief as set forth below.

23
     **Wherefore, plaintiff prays as follows:**
24
     1.    For general and special damages according to proof;
25
     2.    for interest upon said damages at the maximum rate allowed by statute;
26
     3.    for punitive and exemplary damages;
27
     4.    for penalties as provided by statute;
28

5.    for attorney's fees as provided by statute;

5.    for costs of suit incurred;

6.    for such other and further relief as the Court may deem just and proper.

DATED: June 10, 2011                              aiman-smith marcy

Hallie Von Rock
Attorneys for Plaintiff David Redmond

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a jury on all causes of action and claims with respect to which

3  he has a right to jury trial.

4

5  Dated:  June 10, 2011                                    aiman-smith marcy

6

7

8                                                           Hallie Von Rock
                                                           Attorneys for Plaintiff
9                                                           David Redmond

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
1968 San Pablo Avenue, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation        ☐ Judicial arbitration
   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:
   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

| | ALA ADR-001 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
| DEFENDANT/RESPONDENT: | |

Date:

_____        ► _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF DEFENDANT)

Date:

_____        ► _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 20VII]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Aiman-Smith & Marcy
Attn: Rock, Hallie Von
7677 Oakport Street
Suite 1020
Oakland, CA   94621

## Superior Court of California, County of Alameda

| | |
|---|---|
| Redmond | No. RG11580064 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Office Depot, Inc. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**

Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 10/24/2011 | Department: 512 | Judge: **John M. True, III** |
| Time: 03:00 PM | Location: **Hayward Hall of Justice** | Clerk: **Stacy Oxsen** |
| | **2nd Floor** | Clerk telephone: **(510) 690-2721** |
| | **24405 Amador Street, Hayward  CA  94544** | E-mail: |
| | | **Dept.512@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax:  **(510) 267-1529** |

## ORDERS

1. You must:
   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. **Give notice** of this conference to any party not included in this notice and file proof of service;
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at http://apps.alameda.courts.ca.gov/domainweb.

† Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/14/2011.

By _Kashe Shea_ digital

Deputy Clerk

## Superior Court of California, County of Alameda



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG11580064
Case Title: Redmond VS Office Depot, Inc.
Date of Filing: 06/10/2011

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **John M. True, III** |
| **Department:** | **512** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward CA 94544** |
| **Phone Number:** | **(510) 690-2721** |
| **Fax Number:** | **(510) 267-1529** |
| **Email Address:** | **Dept.512@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE John M. True, III
DEPARTMENT 512

Page 1 of 4

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1)   Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association. www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. Failure to anticipate a non-emergency scheduling conflict is not good cause. (3) In all Law and Motion matters, parties are to deliver courtesy copies of their filings directly to Dept. 512. In non-Law and Motion matters (such as Case Management Conferences), chambers copies of filings are not necessary. (4) All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at 224 W. Winton Avenue, Room 179, Hayward, CA 94544 (510) 272-1393.

## Schedule for Department 512

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Mondays through Thursdays. The time will be determined by the Court in coordination with the parties.

- Case Management Conferences are held:  Mondays, Tuesdays and Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may eliminate the need for in person conferences by allowing the court to issue a Tentative Case Management Order.

- Law and Motion matters are heard:  Mondays, Tuesdays and Thursdays at 3:00 p.m.

- Settlement Conferences are heard:  Friday mornings. The time will be determined by the Court in coordination with the parties.

- Ex Parte matters are heard:  Mondays, Tuesdays, and Thursdays at 3:00 p.m., as space is available.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If those efforts are unsuccessful, the parties should jointly send an e-mail to the court outlining the dispute in a few sentences. The court will then confer with counsel and determine whether there is a way to resolve the matter short of motion.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:     Dept.512@alameda.courts.ca.gov  or
  Phone:    (510) 690-2721

- Ex Parte Matters
  Email:     Dept.512@alameda.courts.ca.gov  or
  Phone:    (510) 690-2721

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 512

- Phone:  1-866-223-2244

Dated:  06/13/2011

_____
Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/14/2011

By  _____

Page 3 of 4

Deputy Clerk

# EXHIBIT B

1   MICHAEL E. BREWER, Bar No. 177912
    GREGORY G. ISKANDER, Bar No. 200215
2   LITTLER MENDELSON
    A Professional Corporation
3   Treat Towers
    1255 Treat Boulevard, Suite 600
4   Walnut Creek, CA 94597
    Telephone:   925.932.2468
5   Facsimile:   925.946.9809
    E-mail:      mbrewer@littler.com
6                giskander@littler.com

7   Attorneys for Defendant
    OFFICE DEPOT, INC.

8

9

ENDORSED
FILED
ALAMEDA COUNTY

JUL 05 2011

CLERK OF THE SUPERIOR COURT
By ALICIA ESPINOZA
                            Deputy

10              IN THE SUPERIOR COURT OF CALIFORNIA

11              IN AND FOR THE COUNTY OF ALAMEDA          **BY FAX**

12

13

14   DAVID REDMOND, an individual            Case No. RG 11580064

15                Plaintiff,                  **DEFENDANT OFFICE DEPOT, INC.'S
                                             ANSWER TO PLAINTIFF'S UNVERIFIED
16        v.                                  COMPLAINT**

17   OFFICE DEPOT, INC., a California
     Corporation, and DOES 1 through 200,
18                                           Complaint filed:  June 10, 2011
                  Defendants.

19

20

21        Defendant Office Depot, Inc. ("Defendant"), hereby answers Plaintiff David Redmond's

22   ("Plaintiff") Complaint, which Complaint is unverified, as follows:

23        Pursuant to Code of Civil Procedure section 431.30, Defendant denies generally and

24   specifically, collectively and individually, each and every material allegation contained in the

25   Complaint, and denies that Plaintiff has been injured or damaged in any sum, or at all, and further

26   denies that Plaintiff is entitled to any damages or relief whatsoever.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

CASE NO. RG 11580064                      DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                          TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### AFFIRMATIVE DEFENSES

2     Defendant states the following facts as separate affirmative defenses to the Complaint and

3     each cause of action therein.

4

### FIRST AFFIRMATIVE DEFENSE

5     1.     As a first, separate and distinct affirmative defense, Defendant alleges that the

6     Complaint, and each cause of action thereof, fails to state facts sufficient to state a cause of action.

7

### SECOND AFFIRMATIVE DEFENSE

8     2.     As a second, separate and distinct affirmative defense, Defendant alleges that

9     Plaintiff's claims are barred, in whole or in part, by his unreasonable failure to take advantage of

10     preventive and corrective opportunities and other internal remedies provided by his employer, and to

11     otherwise avoid harm.

12

### THIRD AFFIRMATIVE DEFENSE

13     3.     As a third, separate and distinct affirmative defense, Defendant alleges that the

14     Complaint, and each cause of action thereof, is barred to the extent Plaintiff failed to exhaust the

15     applicable administrative remedies available to Plaintiff.

16

### FOURTH AFFIRMATIVE DEFENSE

17     4.     As a fourth, separate and distinct affirmative defense, Defendant alleges that the

18     Complaint, and each cause of action thereof, is barred by the doctrine of waiver.

19

### FIFTH AFFIRMATIVE DEFENSE

20     5.     As a fifth, separate and distinct affirmative defense, Defendant alleges that the

21     Complaint, and each cause of action thereof, is barred by reason of the Plaintiff's failure to comply

22     with the terms, conditions, covenants, and promises required to be performed by Plaintiff in

23     accordance with the agreement or agreements, if any, proven to exist among the parties.

24

### SIXTH AFFIRMATIVE DEFENSE

25     6.     As a sixth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's

26     claims are barred by the doctrine of unjust enrichment.

27

### SEVENTH AFFIRMATIVE DEFENSE

28     7.     As a seventh, separate and distinct affirmative defense, Defendant alleges that by

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

CASE NO. RG 11580064                2.        DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                              TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    virtue of Plaintiff's acts and conduct, Plaintiff is estopped to assert any claims or causes of action

2    against Defendant, and has waived any right to seek the relief demanded in the Complaint, or any

3    relief whatsoever against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

5       8.      As an eighth, separate and distinct affirmative defense, Defendant alleges that any

6    complained of conduct alleged to have been committed by Defendant, was induced by mistake of

7    fact and/or fraud and/or misrepresentations by others, including but not limited to, Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

9       9.      As a ninth, separate and distinct affirmative defense, Defendant alleges that the

10   Complaint, and each cause of action thereof, is barred by the applicable statute of limitations,

11   including but not limited to, California Labor Code, California Government Code sections 12960

12   and 12965(b), and California Code of Civil Procedure Sections 337, 338, 338.1, 339, 340, 340.5 and

13   342.

### TENTH AFFIRMATIVE DEFENSE

15      10.     As a tenth, separate and distinct affirmative defense, Defendant alleges that in dealing

16   with the Plaintiff, Defendant at all times dealt fairly and in good faith, and had reasonable grounds

17   for believing that it did not violate the provisions of applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

19      11.     As an eleventh, separate and distinct affirmative defense, Defendant alleges that

20   Plaintiff failed to mitigate his damages, if any, and said failure to mitigate bars Plaintiff from

21   recovery in this action.

### TWELFTH AFFIRMATIVE DEFENSE

23      12.     As a twelfth, separate and distinct affirmative defense, Defendant alleges that

24   Plaintiff, by and through his conduct, acts, deeds, and omissions, has caused Defendant to change its

25   position and to act to its detriment and prejudice; therefore, the Complaint, and each alleged cause of

26   action therein, is barred by the equitable doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

28      13.     As a thirteenth, separate and distinct affirmative defense, Defendant alleges that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064                          3.       DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                                       TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   Plaintiff is guilty of unclean hands, which conduct extinguishes Plaintiff's right to any relief under

2   the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

4   14.   As a fourteenth, separate and distinct affirmative defense, Defendant alleges that the

5   Complaint, and each cause of action thereof, fails to state facts sufficient to warrant an award of

6   attorney's fees.

### FIFTEENTH AFFIRMATIVE DEFENSE

8   15.   As a fifteenth, separate and distinct affirmative defense, Defendant alleges that the

9   Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of

10   exemplary or punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

12   16.   As a sixteenth, separate and distinct affirmative defense, Defendant alleges that the

13   Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of

14   prejudgment interest.

### SEVENTEENTH AFFIRMATIVE DEFENSE

16   17.   As a seventeenth, separate and distinct affirmative defense, Defendant alleges that the

17   Complaint, and each cause of action thereof, is barred to the extent Plaintiff is guilty of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19   18.   As an eighteenth, separate and distinct affirmative defense, Defendant alleges that

20   there is no causal connection between the conduct Plaintiff complains of, and the conduct of

21   Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

23   19.   As a nineteenth, separate and distinct affirmative defense, Defendant alleges that any

24   damages sustained by Plaintiff were caused by persons, firms, corporations, entities or organizations

25   other than Defendant.  By reason thereof, Defendant is not liable to Plaintiff for any alleged injuries,

26   losses or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

28   20.   As a twentieth, separate and distinct affirmative defense, Defendant alleges that it is

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

CASE NO. RG 11580064          4.          DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                          TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  not legally responsible for any damages claimed by Plaintiff. If, however, Defendant is found to be

2  legally responsible, Defendant's legal responsibility is not the sole and proximate cause of any

3  injury, and damages awarded to Plaintiff, if any, should be apportioned according to the respective

4  fault and legal responsibility of all parties, persons and entities, and/or the agents, servants, and

5  employees who contributed to and/or caused said incidents to proof presented at the time of trial.

6  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7       21.    As a twenty-first, separate and distinct affirmative defense, Defendant alleges that all

8  employment decisions attributable to Defendant represented the just and proper exercise of

9  Defendant's managerial discretion and was undertaken for non-retaliatory, fair and honest reasons,

10  regulated by good faith and probable cause known by Defendant at the time of such decisions.

11  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

12       22.    As a twenty-second, separate and distinct affirmative defense, Defendant alleges that

13  assuming, *arguendo*, any employee or agent of Defendant engaged in unlawful conduct toward

14  Plaintiff, that conduct was contrary to express policies, occurred outside of the scope of any

15  employment or agency relationship, and cannot be attributed to Defendant.

16  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

17       23.    As a twenty-third, separate and distinct affirmative defense, Defendant alleges that to

18  the extent Defendant acquires during the course of this litigation any evidence of wrongdoing by

19  Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's

20  employment, or would have resulted in Plaintiff being demoted, disciplined or terminated, such

21  after-acquired evidence shall bar Plaintiff's claim on liability or damages, or shall reduce such

22  damages, if any, as provided by law.

23  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24       24.    As a twenty-fourth, separate and distinct affirmative defense, Defendant alleges that

25  Plaintiff's claims for punitive damages are barred because California's laws regarding the conduct

26  alleged in Plaintiff's Complaint are too vague to permit the imposition of punitive damages, and

27  because such exemplary or punitive damages would deny due process, impose penalties without

28  requisite protection, violate Defendant' rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064          5.      DEFENDANT OFFICE DEPOT, INC.'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Amendments to the United States Constitution and Article I, § 7 of the California Constitution, place

2    an unreasonable burden on interstate commerce, and would be improper under the common law and

3    public policies of the State of California.

4                         **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5         25.    As a twenty-fifth, separate and distinct affirmative defense, Defendant alleges that

6    some or all of Plaintiff's claims are barred by the provisions of California Labor Code section 2922.

7                         **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

8         26.    As a twenty-sixth, separate and distinct affirmative defense, Defendant alleges that at

9    all times relevant, Defendant promulgated anti-discrimination and anti-harassment policies and

10   complaint procedures which were communicated to Plaintiff, Plaintiff unreasonably failed to make a

11   timely or proper complaint of discrimination or harassment in compliance with the policy, and

12   Defendant otherwise exercised reasonable care to prevent and correct promptly any alleged

13   inappropriate and unlawful conduct.

14                   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

15         27.    As a twenty-seventh, separate and distinct affirmative defense, Defendant alleges that

16   Plaintiff violated his obligations as an employee under the California Labor Code, including but not

17   limited to, sections 2854, 2856-2859.

18                   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

19         28.    As a twenty-eighth, separate and distinct affirmative defense, Defendant alleges that

20   the Complaint, and each cause of action thereof, is frivolous, and Defendant is entitled to recover

21   attorneys' fees incurred in defending this action pursuant to California Code of Civil Procedure,

22   Section 128.7, and other applicable laws.

23                   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

24         29.    As a twenty-ninth, separate and distinct affirmative defense, Defendant alleges that

25   to the extent that the Complaint or any cause of action therein alleges physical or emotional injury,

26   any recovery for these injuries is barred by the exclusivity of remedy of the California Workers

27   Compensation Act, Labor Code, Section 3200, et seq.

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064             6.      DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                          TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### THIRTIETH AFFIRMATIVE DEFENSE

2       30.     As a thirtieth, separate and distinct affirmative defense, Defendant alleges that any

3   and all conduct engaged in by Defendant were for legitimate business reasons and not pretext for

4   illegal actions.

5

### THIRTY-FIRST AFFIRMATIVE DEFENSE

6       31.     As a thirty-first, separate and distinct affirmative defense, Defendant alleges that

7   because there exists a bona fide dispute as to whether further compensation is actually due to

8   Plaintiff, and if so, as to the amount of such further compensation because there exists a bona fide

9   dispute as to whether further compensation is actually due to Plaintiff, and if so, as to the amount of

10  such further compensation.

11

### THIRTY-SECOND AFFIRMATIVE DEFENSE

12      32.     As a thirty-second, separate and distinct affirmative defense, Defendant alleges that to

13  the extent Plaintiff seeks to recover waiting time and/or other statutory penalties, Plaintiff has failed

14  to state a claim for such penalties because even assuming, arguendo, that Plaintiff is entitled to

15  additional compensation, Defendant did not and has not "willfully" or "intentionally" failed to pay

16  any such additional compensation to Plaintiff, nor was a demand for any such additional

17  compensation ever made.  Consequently, Defendant's conduct was not willful within the meaning of

18  the California Labor Code.

19

### THIRTY-THIRD AFFIRMATIVE DEFENSE

20      33.     As a thirty-third, separate and distinct affirmative defense, Defendant alleges that it

21  had no knowledge of any harassing, discriminatory, retaliatory or otherwise unlawful behavior by

22  any of its employees, agents, or representatives.

23

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

24      34.     As a thirty-fourth, separate and distinct affirmative defense, Defendant alleges that to

25  the extent there was any failure to adhere to the duties required under California Labor Code §

26  226(a), any such failure was not "knowing and intentional," as required for the provision of the

27  remedies in § 226(e).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064                    7.        DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                                  TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     As a thirty-fifth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's fourth through tenth causes of action are barred because, at all relevant times, Plaintiff was exempt under the applicable wage orders from the requirements for overtime and meal and rest breaks.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     As a thirty-sixth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recovery on his wage statement claims, because any failure to provide adequate wage statements, which Defendant expressly denies occurred, was not knowing and intentional.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     As a thirty-seventh, separate and distinct affirmative defense, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal, and on that basis Defendant alleges, that any recovery that Plaintiff may seek by way of his Complaint (while denying that any such recovery is justified) is limited by application of the doctrine of avoidable consequences as set forth in *State Department of Health Services v. Superior Court*, 31 Cal. 4th 1026, 1043 (2003), because: (a) Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior; and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to employees or to "otherwise avoid harm" as that expression is used in *Burlington Northern Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); and (c) the reasonable use of Defendant's procedures by Plaintiff would have prevented some or all of the purported harm of which Plaintiff now complains.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     As a thirty-eighth, separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

## THIRTY-NINGHT AFFIRMATIVE DEFENSE

38.     As a thirty-ninth, separate and distinct affirmative defense, Defendant alleges that it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064                     8.        DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                                   TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   currently has insufficient knowledge or information upon which to form a belief as to whether it may

2   have additional, yet unknown and unstated affirmative defenses available to it.  Defendant therefore

3   reserves the right to allege additional affirmative defenses in the event that discovery indicates that it

4   would be appropriate to do so.

5        WHEREFORE, Defendant prays for judgment as follows:

6        1.      That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

7        2.      That Plaintiff take nothing by virtue of this action;

8        3.      That Judgment be entered in favor of Defendant and against Plaintiff;

9        4.      For costs of suit incurred herein, including attorney's fees where allowed; and

10       5.      For such other and further relief as this Court may deem just and proper.

11

12  Dated: July 5 , 2011

13                                              Michael E. Brewer
                                                Gregory G. Iskander
14                                              LITTLER MENDELSON
                                                A Professional Corporation
15                                              Attorneys for Defendant
                                                OFFICE DEPOT, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Third Tower
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064                    9.      DEFENDANT OFFICE DEPOT, INC.'S ANSWER
                                                TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2

3          I am a resident of the State of California, over the age of eighteen years, and not a

4   party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600,

5   Walnut Creek, California 94597. On July 5, 2011, I served the within document(s):

6          **DEFENDANT OFFICE DEPOT, INC.'S ANSWER TO PLAINTIFF'S
           UNVERIFIED COMPLAINT**

7

8   ☐   by facsimile transmission at or about _____ on that date. This document
        was transmitted by using a facsimile machine that complies with California Rules

9       of Court Rule 2003(3), telephone number 925.946.9809. The transmission was
        reported as complete and without error. A copy of the transmission report, properly

10      issued by the transmitting machine, is attached. The names and facsimile numbers
        of the person(s) served are as set forth below.

11

12  ☒   by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage

13      thereon fully prepaid for deposit in the United States mail at Walnut Creek,
        California addressed as set forth below.

14

15  ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery
        fees provided for, in an overnight delivery service pick up box or office designated

16      for overnight delivery, and addressed as set forth below.

17  ☐   by personally delivering a copy of the document(s) listed above to the person(s) at
        the address(es) set forth below.

18  ☐   Based on a court order or an agreement of the parties to accept service by e-mail or
        electronic transmission, I caused the documents to be sent to the persons at the e-

19      mail addresses on the attached service list on the dates and at the times stated
        thereon. I did not receive, within a reasonable time after the transmission, any

20      electronic message or other indication that the transmission was unsuccessful. The
        electronic notification address of the person making the service is

21      _____@littler.com.

22

23  Randall B. Aiman-Smith, Esq.
    Airman-Smith & Marcy, P.C.

24  7677 Oakport Street, Suite 1020
    Oakland, CA 94621

25

26  510.562.6800 mn
    510.562.6830 fax

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064                                    PROOF OF SERVICE

1    I am readily familiar with the firm's practice of collection and processing

2  correspondence for mailing and for shipping via overnight delivery service. Under that practice it

3  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

5  thereon fully prepaid in the ordinary course of business.

6    I declare under penalty of perjury under the laws of the State of California that the

7  above is true and correct. Executed on July 5, 2011, at Walnut Creek, California.

8

9  _____

10                         DONNA COLEMAN

Firmwide:102619792.1 063095.1031

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO. RG 11580064                        2.                        PROOF OF SERVICE